**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CERENCE OPERATING COMPANY,<br>*Plaintiff*,<br>v.<br>ELEVEN LABS INC.,<br>*Defendant*. | C.A. No. __________ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cerence Operating Company ("Plaintiff" or "Cerence") files this Complaint against Eleven Labs Inc. ("Defendant" or "ElevenLabs"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 et seq., for ElevenLabs's infringement of Cerence's U.S. Patent. Nos. 8,355,484 (the "'484 patent"), 9,368,102 (the "'102 patent"), 9,495,954 (the "'954 patent"), 9,519,766 (the "'766 patent") and 12,477,291 (the "'291 patent") (collectively, the "Asserted Patents") based on ElevenLabs's unauthorized manufacture, use, offer for sale, and/or sale within the United States and/or importation into the United States of products that infringe at least one claim of each of the Asserted Patents.

2. The '484 patent claims important advances in text-to-speech systems, and ElevenLabs infringes at least one claim through its manufacture, use, offer for sale, and/or sale of text-to-speech technology for use in ElevenLabs's AI voice agents (the "ElevenAgents Products") and its ElevenAPI (the "ElevenAPI Products"), in the United States, and/or importation of, for example, ElevenAgents Products or ElevenAPI Products into the United States.



337906165v1

3. The ’102 patent claims important advances in text-to-speech, and ElevenLabs infringes at least one claim through its manufacture, use, offer for sale, and/or sale of the ElevenCreative platform (the “ElevenCreative Products”) and ElevenAPI Products, in the United States, and/or importation of, for example, ElevenCreative Products or the ElevenAPI Products into the United States.

4. The ’954 patent claims important advances in synthetic voice generation, and ElevenLabs infringes at least one claim through its manufacture, use, offer for sale, and/or sale of its ElevenAgents Products, in the United States, and/or importation of, for example, ElevenAgents Products into the United States.

5. The ’766 patent claims important advances in providing and validating enhanced Completely Automated Public Turning tests to tell Computers and Humans Apart (CAPTCHAs), and ElevenLabs infringes at least one claim through its manufacture, use, offer for sale, and/or sale of its ElevenAPI Products and ElevenCreative Products, in the United States, and/or importation of, for example, ElevenAPI and ElevenCreative Products into the United States.

6. The ’291 patent claims important advances in acoustic interference suppression, and ElevenLabs infringes at least one claim through its manufacture, use, offer for sale, and/or sale of the ElevenCreative Products and ElevenAPI, in the United States, and/or importation of, for example, ElevenCreative and ElevenAPI Products into the United States.

7. The exemplary ElevenAgents, ElevenCreative, and ElevenAPI Products are collectively referred to herein as the “Accused Products.”

## PARTIES

8. Cerence is a wholly owned subsidiary of Cerence Inc., a corporation duly organized and existing under the laws of Delaware with its principal place of business located at 1500 District Avenue, Burlington, Massachusetts.

9. On information and belief, ElevenLabs is a Delaware corporation with a principal place of business at 169 Madison Ave., Suite 2484, New York, NY 10016.

10. ElevenLabs makes, uses, offers to sell, and/or sells the Accused Products in the United States and/or imports Accused Products into the United States, including to customers and potential customers located in the District of Delaware (this "District").

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

12. This Court has personal jurisdiction over ElevenLabs because, *inter alia*, ElevenLabs is a corporation organized and existing under the laws of the State of Delaware.

13. ElevenLabs is also subject to personal jurisdiction in this Court because it has committed acts, and will continue to commit acts, of patent infringement under 35 U.S.C. § 271 in Delaware. These acts have led, and will lead, to foreseeable harm and injury to Cerence in Delaware. For example, ElevenLabs has made, used, offered for sale, and/or sold the Accused Products in the United States, and/or imported those products into, the United States, including Delaware.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because, *inter alia*, ElevenLabs is a corporation organized and existing under the laws of the State of Delaware.

## BACKGROUND

15. Cerence is a global leader in providing automotive virtual assistant technology, primarily focusing on user interaction (UX) technology that improves and refines a user's mobility experience by creating flexible and intuitive experiences for the world's leading mobility OEMs and automakers.

16. Cerence was spun out from Nuance Communications, Inc. ("Nuance"), which was a leading provider of speech and language solutions for businesses and consumers around the world. Cerence became a separate public company in October of 2019, trading on the Nasdaq Global Select Market under the ticker symbol CRNC. From the outset, Cerence focused its assistant software platform on its many optimization techniques and tools for improving automatic speech recognition including conversational AI tools.

17. Cerence builds AI powered virtual assistants that have been implemented most frequently in the mobility/transportation market. Cerence's solutions power natural conversational and intuitive interactions amongvehicles, drivers, and passengers, and the broader digital world. Cerence has provided AI-powered assistants and innovations for connected and autonomous vehicles, including one of the world's most popular software platforms for building automotive virtual assistants. Cerence's customers include nearly all major automobile original equipment manufacturers (OEMs), or their tier 1 suppliers worldwide, including, *e.g.*, Ford, GM, Toyota, Mercedes, Volkswagen, and Harman.

18. The Cerence platform utilizes industry-leading speech recognition, natural language understanding, speech signal enhancement, text-to-speech, and acoustic modeling technology to provide a conversational AI-based solution. Virtual assistants built with the Cerence platform enable a wide variety of modes of human-vehicle interaction, including speech, touch, handwriting, gaze tracking, and gesture recognition, and can support the integration of third-party virtual assistants.

19. The market for cognitive assistants in which Cerence functions is rapidly expanding beyond the automotive markets. The proliferation of smart devices has encouraged consumers to

rely on a growing number of virtual assistants and special-purpose bots for various tasks such as controlling entertainment systems and checking the news.

20. Cerence has been innovating in this space for over 20 years (including through its predecessor companies) and currently holds more than 600 patents, many of which relate to aspects of automatic speech recognition, predictive text, and volume adjustment/support in speech activated systems.

21. On information and belief, ElevenLabs develops and commercializes AI-powered voice and audio technology, including speech synthesis (text-to-speech), speech-to-text, voice cloning, and conversational AI agent technology. On information and belief, ElevenLabs offers its products and services to consumers, developers, and enterprise customers in the United States through, for example, its website, web-based platform, mobile applications, and application programming interfaces ("APIs"), including products and services marketed as ElevenAgents, ElevenCreative, and ElevenAPIs.

22. On information and belief, ElevenLabs's product offerings are built on a common core of speech and voice AI technology, including its suite of ElevenAgents, ElevenCreative, and ElevenAPI products, which ElevenLabs deploys across its platform and makes available to customers. ElevenLabs's technology therefore underpins substantially all of its products and services, and Cerence's allegations of infringement apply to each ElevenLabs product and service that incorporates, utilizes, or is built upon that technology. Cerence has identified herein, and in the claim charts attached to this Complaint, these three exemplary infringing products. These exemplary products are identified for illustrative purposes only and without limitation, and Cerence reserves the right to identify additional infringing ElevenLabs products and services, including those revealed through discovery.

## THE PATENTS-IN-SUIT

23. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 8,355,484, titled "Methods and Apparatus for Masking Latency in Text-to-Speech Systems." The '484 patent was duly and legally issued by the United States Patent and Trademark Office on Jan. 15, 2013. A true and correct copy of the '484 patent is attached as **Exhibit A.**

24. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,368,102, titled "Method and System for Text-to-Speech Synthesis with Personalized Voice." The '102 patent was duly and legally issued by the United States Patent and Trademark Office on June 14, 2016. A true and correct copy of the '102 patent is attached as **Exhibit B.**

25. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,495,954, titled "System and Method of Synthetic Voice Generation and Modification." The '954 patent was duly and legally issued by the United States Patent and Trademark Office on November 15, 2016. A true and correct copy of the '954 patent is attached as **Exhibit C.**

26. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 9,519,766, titled "System and Method of Providing and Validating Enhanced CAPTCHAs." The '766 patent was duly and legally issued by the United States Patent and Trademark Office on December 13, 2016. A true and correct copy of the '766 patent is attached as **Exhibit D.**

27. Cerence owns by assignment all rights, title, and interest, including the right to recover damages for past, present, and future infringement, in U.S. Patent No. 12,477,291, titled "Acoustic Interference Suppression through Speaker-Aware Processing." The '291 patent was

duly and legally issued by the United States Patent and Trademark Office on November 18, 2025. A true and correct copy of the ’291 patent is attached as **Exhibit E.**

28. Cerence is the owner of the Asserted Patents and has the right to bring this lawsuit and recover any damages for any past, current, or future infringement of the Asserted Patents.

29. The Asserted Patents are valid and enforceable.

30. ElevenLabs is not licensed to practice the Asserted Patents.

## <u>ELEVENLABS’S INFRINGEMENT</u>

31. ElevenLabs has infringed, and continues to infringe, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of each of the Asserted Patents by making, using, offering to sell, and/or selling the Accused Products within the United States, and or importing the Accused Products into the United States.

32. ElevenLabs had knowledge of the Asserted Patents prior to the filing of this lawsuit.

33. ElevenLabs had knowledge of the ’291, ’102, ’766, and ’954 patents since at least August 12, 2026, when a first notice letter was sent by Cerence’s counsel informing ElevenLabs that certain Accused Products infringe claims of the ’291, ’102, ’766 and ’954 patents.

34. ElevenLabs had knowledge of the ’484, ’291, ’102, ’766 and ’954 patents since at least November 18, 2026, when a second notice letter was sent by Cerence’s counsel informing ElevenLabs that certain Accused Products infringe claims of the Asserted Patents.

35. ElevenLabs had knowledge of all Asserted Patents at least as of the date when they were notified of the filing of this Complaint.

36. Based on its knowledge of the Asserted Patents and the belief that the Accused Products infringe the same since at least as early as November 18, 2026, if not earlier by August 12, 2026, for the ’291, ’102, ’766, and ’954 patents, ElevenLabs chose to deliberately and intentionally infringe the Asserted Patents by making, using, offering for sale, and/or selling the

Accused Products in the United States and/or importing the Accused Products in the United States. On information and belief, ElevenLabs's infringement has been and continues to be deliberate, intentional, egregious, willful, and in reckless disregard of the valid patent claims of the Asserted Patents.

**COUNT I**

**(ElevenLabs's Infringement of U.S. Patent No. 8,355,484)**

37. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

38. ElevenLabs has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the '484 patent in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the '484 patent, including but not limited to the Accused Products, such as the exemplary ElevenAgents Products and ElevenAPI Products, in violation of 35 U.S.C. § 271(a).

39. On information and belief, ElevenLabs has infringed and continues to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the '484 patent.

40. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the '484 patent to an exemplary infringing Accused Product is attached as **Exhibit F.**

41. ElevenLabs had knowledge of the '484 patent at least as of the date when it was notified of the filing of this Complaint.

42. On information and belief, ElevenLabs had earlier knowledge of the ’484 patent, based at least on the November 18, 2026 letter notifying ElevenLabs of its infringement of the ’484 patent, or at a minimum, ElevenLabs was willfully blind to Cerence’s patent rights in the ’484 patent, well before the filing of this action.

43. ElevenLabs’s actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by ElevenLabs.

44. On information and belief, with knowledge of the ’484 patent and its infringement thereof, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’484 patent in violation of 35 U.S.C. § 271(b). On information and belief, ElevenLabs has actively induced, with specific intent, infringement of the ’484 patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’484 patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[1]

45. On information and belief, ElevenLabs induced, with specific intent, infringement of the ’484 patent by instructing their own agents to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. ElevenLabs took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

---

[1] *See, e.g.*, ElevenLabs, Getting Started: ElevenAgents *available at* https:www.elevenlabs.io/docs/eleven-agents/overview (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, Conversation Flow *available at* https://elevenlabs.io/docs/eleven-agents/customization/conversation-flow (“Soft timeout provides immediate audio feedback when the LLM takes longer than expected to generate a response. Instead of awkward silence while waiting, your agent speaks a brief filler phrase like “Hmm…” or “Let me think…” to maintain natural conversational flow.”) (last accessed November 18, 2026).

46. In addition, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’484 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the ’484 patent. ElevenLabs has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the ’484 patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

47. On information and belief, ElevenLabs’s infringement of the ’484 patent is and has been willful and deliberate.

**COUNT II**

**(ElevenLabs’s Infringement of U.S. Patent No. 9,368,102)**

48. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. ElevenLabs has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the ’102 patent in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the ’102 patent, including but not limited to the Accused Products, such as the exemplary ElevenCreative Products and ElevenAPI Products, in violation of 35 U.S.C. § 271(a).

50. On information and belief, ElevenLabs has infringed and continues to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the ’102 patent.

51. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the ’102 patent to an exemplary infringing Accused Product is attached as **Exhibit G.**

52. ElevenLabs had knowledge of the ’102 patent at least as of the date when it was notified of the filing of this Complaint.

53. On information and belief, ElevenLabs had earlier knowledge of the ’102 patent, based at least on the August 12, 2026 letter notifying ElevenLabs of its infringement of the ’102 patent, or at a minimum, ElevenLabs was willfully blind to Cerence’s patent rights in the ’102 patent, well before the filing of this action.

54. ElevenLabs’s actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by ElevenLabs.

55. On information and belief, with knowledge of the ’102 patent and its infringement thereof, ElevenLabs has indirectly infringed and continues to indirectly infringe the ‘102 patent in violation of 35 U.S.C. § 271(b). On information and belief, ElevenLabs has actively induced, with specific intent, infringement of the ’102 patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’102 patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[2]

---

[2] *See, e.g.*, ElevenLabs, “Create Speech,” *available at* http://elevenlabs.io/docs/api-reference/text-to-speech/convert (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “Text to Speech” *available at* https://elevenlabs.io/text-to-speech (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “Voice Cloning,” *available at* https://elevenlabs.io/voice-cloning (“Create a digital replica of your voice that sounds just like you”) (last accessed November 18, 2026); ElevenLabs, “Voice Cloning” *available at* http://elevenlabs.io/docs/eleven-creative/voices/voice-cloning/#what-files-do-you-accept-for-cloning (last accessed November 18, 2026).

56. On information and belief, ElevenLabs induced, with specific intent, infringement of the ’102 patent by instructing their own agents to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. ElevenLabs took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

57. In addition, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’102 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the ’102 patent. ElevenLabs has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the ’102 patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

58. On information and belief, ElevenLabs’s infringement of the ’102 patent is and has been willful and deliberate.

**COUNT III**

**(ElevenLabs’s Infringement of U.S. Patent No. 9,495,954)**

59. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

60. ElevenLabs has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the ’954 patent in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the ’954 patent, including but not

limited to the Accused Products, such as the exemplary ElevenAgents Products, in violation of 35 U.S.C. § 271(a).

61. On information and belief, ElevenLabs has infringed and continues to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the ’954 patent.

62. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the ’954 patent to an exemplary infringing Accused Product is attached as **Exhibit H**.

63. ElevenLabs had knowledge of the ’954 patent at least as of the date when it was notified of the filing of this Complaint.

64. On information and belief, ElevenLabs had earlier knowledge of the ’954 patent, based at least on the August 12, 2026, letter notifying ElevenLabs of its infringement of the ’954 patent, or at a minimum, ElevenLabs was willfully blind to Cerence’s patent rights in the ’954 patent, well before the filing of this action.

65. ElevenLabs’s actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by ElevenLabs.

66. On information and belief, with knowledge of the ’954 patent and its infringement thereof, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’954 patent in violation of 35 U.S.C. § 271(b). On information and belief, ElevenLabs has actively induced, with specific intent, infringement of the ’954 patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’954 patent by, among other things,

disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[3]

67. On information and belief, ElevenLabs induced, with specific intent, infringement of the ’954 patent by instructing their own agents to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. ElevenLabs took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

68. In addition, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’954 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the ’954 patent. ElevenLabs has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the ’954 patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

69. On information and belief, ElevenLabs’s infringement of the ’954 patent is and has been willful and deliberate.

---

[3] *See, e.g.*, ElevenAgents Overview Webpage, *available at* https://elevenlabs.io/docs/eleven-agents/overview (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “Introducing Expressive Mode” *available at* https://elevenlabs.io/blog/introducing-expressive-mode (“you can guide an agent to use a calmer, more reassuring tone when a user sounds worried.”) (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “Multi-voice support” *available at* https://elevenlabs.io/docs/eleven-agents/customization/voice/multi-voice-support (last accessed November 18, 2026).

**COUNT IV**

**(ElevenLabs's Infringement of U.S. Patent No. 9,519,766)**

70. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

71. ElevenLabs has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the '766 patent in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the '766 patent, including but not limited to the Accused Products, such as the exemplary ElevenAPI Products and ElevenCreative Products, in violation of 35 U.S.C. § 271(a).

72. On information and belief, ElevenLabs has infringed and continues to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the '766 patent.

73. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the '766 patent to an exemplary infringing Accused Product is attached as **Exhibit I.**

74. ElevenLabs had knowledge of the '766 patent at least as of the date when it was notified of the filing of this Complaint.

75. On information and belief, ElevenLabs had earlier knowledge of the '766 patent, based at least on the August 12, 2026, letter notifying ElevenLabs of its infringement of the '766 patent, or at a minimum, ElevenLabs was willfully blind to Cerence's patent rights in the '766 patent, well before the filing of this action.

76. ElevenLabs's actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by ElevenLabs.

77. On information and belief, with knowledge of the '766 patent and its infringement thereof, ElevenLabs has indirectly infringed and continues to indirectly infringe the '766 patent in violation of 35 U.S.C. § 271(b). On information and belief, ElevenLabs has actively induced, with specific intent, infringement of the '766 patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '766 patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[4]

78. On information and belief, ElevenLabs induced, with specific intent, infringement of the '766 patent by instructing their own agents to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. ElevenLabs took these actions with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

79. In addition, ElevenLabs has indirectly infringed and continues to indirectly infringe the '766 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the '766 patent. ElevenLabs has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the '766 patent, is a material

[4] *See, e.g.*, ElevenLabs, "Voice cloning: how it works" *available at* http://elevenlabs.io/docs/eleven-api/concepts/voice-cloning ("The verification process uses voice-captcha technology to confirm that you are the person providing the voice samples") (last accessed November 18, 2026).

part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

80. On information and belief, ElevenLabs's infringement of the '766 patent is and has been willful and deliberate.

## COUNT V

## (ElevenLabs's Infringement of U.S. Patent No. 12,477,291)

81. Cerence incorporates by reference the foregoing paragraphs as if fully set forth herein.

82. ElevenLabs has been and is now infringing, directly and/or indirectly, literally and/or under the doctrine of equivalents, one or more claims of the '291 patent in the state of Delaware, in this judicial district, and elsewhere in the United States by, among other things, making, using, selling, offering for sale, and/or importing into the United States, without authority, products that embody one or more of the inventions claimed in the '291 patent, including but not limited to the Accused Products, such as the exemplary ElevenCreative Products and ElevenAPI Products, in violation of 35 U.S.C. § 271(a).

83. On information and belief, ElevenLabs has infringed and continues to infringe, directly and/or indirectly, literally or under the doctrine of equivalents, at least one claim of the '291 patent.

84. By way of illustration only, a claim chart applying an exemplary independent asserted claim of the '291 patent to an exemplary infringing Accused Product is attached as **Exhibit J.**

85. ElevenLabs had knowledge of the '291 patent at least as of the date when it was notified of the filing of this Complaint.

86. On information and belief, ElevenLabs had earlier knowledge of the ’291 patent, based at least on the August 12, 2026 letter notifying ElevenLabs of its infringement of the ’291 patent, or at a minimum, ElevenLabs was willfully blind to Cerence’s patent rights in the ’291 patent, well before the filing of this action.

87. ElevenLabs’s actions were at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by ElevenLabs.

88. On information and belief, with knowledge of the ’291 patent and its infringement thereof, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’291 patent in violation of 35 U.S.C. § 271(b). On information and belief, ElevenLabs has actively induced, with specific intent, infringement of the ’291 patent by, *e.g.*, encouraging and facilitating product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the ’291 patent by, among other things, disseminating, manufacturing, distributing, importing, and maintaining the Accused Products with knowledge and specific intent to cause that infringement.[5]

89. On information and belief, ElevenLabs induced, with specific intent, infringement of the ’291 patent by instructing their own agents to, *e.g.*, use, import, sell, and/or offer for sale the Accused Products. ElevenLabs took these actions with the specific intent to induce acts

---

[5] *See, e.g.*, ElevenLabs, “Voice Isolator” *available at* http://elevenlabs.io/docs/overview/capabilities/voice-isolator (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “Help Center – Voice Isolator” *available at* http://elevenlabs.io/docs/help-center/product/core-capabilities/voice-isolator/what-is-voice-isolator (“Voice Isolator strips background noise from audio files for film, podcast, and interview post production.”) (last accessed November 18, 2026); *see, e.g.*, ElevenLabs, “API Reference - Audio Isolation” *available at* http://elevenlabs.io/docs/api-reference/audio-isolation/convert (last accessed November 18, 2026).

constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or under the doctrine of equivalents.

90. In addition, ElevenLabs has indirectly infringed and continues to indirectly infringe the ’291 patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell in the United States, or importing into the United States, the Accused Products with knowledge of the ’291 patent. ElevenLabs has done so with knowledge that the infringing technology of the Accused Products is especially made and/or especially adapted for use in infringement of the ’291 patent, is a material part of the patented invention, is not a staple article of commerce suitable for substantial non-infringing use, and that others do not have any substantial non-infringing uses therefor.

91. On information and belief, ElevenLabs’s infringement of the ’291 patent is and has been willful and deliberate.

## DEMAND FOR JURY TRIAL

Cerence hereby demands a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Cerence respectfully requests that the Court:

A. Enter a judgment that ElevenLabs has infringed and continues to infringe one or more claims of each of the Asserted Patents;

B. Enter a judgment that ElevenLabs’s infringement is and has been willful;

C. Permanently enjoin ElevenLabs, its parents, subsidiaries, affiliates, agents, servants, employees, attorneys, representatives, successors and assigns, and all others in active concert or participation with them from infringing the Asserted Patents;

D. Order an award of damages to Cerence in an amount no less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

E. Order and award trebling damages to Cerence for willful infringement under 35 U.S.C. § 284;

F. Find that this case is exceptional and award Cerence its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ James H. S. Levine*
James H. S. Levine (DE No. 5355)
TROUTMAN PEPPER LOCKE LLP
Hercules Plaza, Suite 1000
1313 N. Market Street
Wilmington, DE 19801
302.777.6536
James.Levine@troutman.com

*Attorneys for Cerence Operating Company*

Of Counsel:

William D. Belanger
Gregory D. Len*
Alison L. McCarthy*
Frank D. Liu*
Emma C. Mann*
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue
9th Floor
Boston, MA 02199

Puja Patel Lea*
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street, N.E.
Suite 3000
Atlanta, GA 30308

* *pro hac vice* to be filed

DATED: November 19, 2026